IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00331-MR-WCM

| | |
|---|---|
| JILL N. WASKEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MONICA H. LESLIE and )<br>FAMILY COURT OF HAYWOOD )<br>COUNTY, NORTH CAROLINA, )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Notice of Removal [Doc. 1] and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

## I.  PROCEDURAL BACKGROUND

The Plaintiff, Jill N. Waskey ("Plaintiff") initiated this action against Judge Monica H. Leslie ("Judge Leslie") and the General Court of Justice, District Court Division, for Haywood County, North Carolina ("Haywood County District Court") under the Americans with Disabilities Act ("ADA") in state court and now seeks to remove this action to the United States District Court for the Western District of North Carolina. [Doc. 1]. The Plaintiff has

also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] and a "Response to Defendant's Motion to Dismiss" [Doc. 3] opposing a motion to dismiss presumably filed by the Defendants in Haywood County District Court.[1]

This is not the first action the Plaintiff has filed against the Defendants regarding this same matter in this Court. Previously, on July 22, 2021, the Plaintiff initiated an action against the Defendants alleging that the Defendants violated Title II of the ADA when, before a scheduled child custody hearing, Judge Leslie ordered the Plaintiff to leave the courtroom after the Plaintiff refused to follow Haywood County District Court's face mask requirement and then modified a previously entered child support order. Waskey v. Leslie, No. 1:21-CV-00189-MR-WCM, 2021 WL 3199222, at *1-2 (W.D.N.C. July 28, 2021). In that action, the Court denied the Plaintiff's first Application to Proceed in District Court Without Prepaying Fees or Costs. Id. at 3. The Court also dismissed the Plaintiff's Complaint because the Plaintiff failed to plead specific allegations regarding the nature of her disability and failed to amend her Complaint within the period granted

---

[1] The "Defendant's Motion to Dismiss" is not currently before the Court, and the Plaintiff has not included the motion in the documents accompanying her Notice of Removal. Accordingly, the Court does not know the contents of the Defendants' motion or when it was filed.

2

by the Court.  See id.; see also Waskey v. Leslie, No. 1:21-CV-00189-MR-WCM, 2021 WL 4129618 (W.D.N.C. Sept. 9, 2021).  On October 12, 2021, the Plaintiff filed a "Motion to Set Aside or Vacate Court's Unjust Order Denying Fee Waiver Application," which this Court denied.  Waskey v. Leslie, No. 1:21-CV-00189-MR-WCM, 2021 WL 5043988, at *2 (W.D.N.C. Oct. 29, 2021).

On November 1, 2021, the Plaintiff then filed this Notice of Removal seeking to remove a separate action, seemingly based on the same set of facts,[2] that the Plaintiff initiated against the Defendants under the ADA in state court.  [Doc. 1].

## II. DISCUSSION

When a plaintiff files a case in state court and thereafter seeks to remove that case, the federal court does not have subject matter jurisdiction.  Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  This is true even if the case could originally have been brought in the federal court.  Oregon Egg Producers v. Andrew, 458 F.2d 382, 383

---

[2] The Plaintiff has not included the Complaint filed in her state action with her Notice of Removal.  However, the documents the Plaintiff has filed set forth the same facts and arguments the Plaintiff presented in her prior federal case against the Defendants.  [See Doc. 1-3; Doc. 3].

3

(9th Cir. 1972). This Court is a court of limited jurisdiction and only has such subject matter jurisdiction as is conferred on it by the Constitution and acts of Congress. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). The removal statute, 28 U.S.C. § 1441(a), expressly limits the right of removal to *defendants*. As such, when a plaintiff attempts removal, the federal court cannot entertain the case even if the Court could otherwise have had subject matter jurisdiction over the matter. Id.; Oregon Egg, 458 F.2d at 383. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Ms. Waskey, who identifies herself as the Plaintiff in this action, seeks to remove this action to federal court. Because 28 U.S.C. § 1441(a) does not grant plaintiffs the right of removal, the Court does not have subject matter jurisdiction over this action. Therefore, this action must be remanded to state court.

Furthermore, in her "Response to Defendant's Motion to Dismiss," the Plaintiff continues to argue that the Defendants violated the ADA and "changed plaintiff's child support order without notice and after excluding the plaintiff from the hearing, and did so to deliberately create a financial hardship for the plaintiff ...." [Doc. 3 at 1-2]. The Plaintiff also continues to

argue that this Court's Order denying the Plaintiff's first Application to Proceed in District Court Without Prepaying Fees or Costs "constitutes retaliation under the [ADA]" and that Judge "Reidinger published the plaintiff's financial condition in the public records of this court ...." [Id. at 2]. This Court has already addressed each of the Plaintiff's arguments in the Plaintiff's prior lawsuit regarding this same matter. Waskey v. Leslie, 2021 WL 5043988, at *2; Waskey v. Leslie, 2021 WL 3199222, at *3. The Plaintiff's arguments are frivolous, and the Plaintiff is placed on notice that the Court will not continue to entertain frivolous filings.

**IT IS, THEREFORE, ORDERED** that this matter is **REMANDED** to the General Court of Justice, District Court Division, for Haywood County, North Carolina.

**IT IS SO ORDERED.**

Signed: December 6, 2021

Martin Reidinger
Chief United States District Judge